CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:03CR30113-01 |
| | ) | (Civil Action No. 5:16CV80957) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JANET MARIE THOMPSON, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Janet Marie Thompson, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Thompson to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Thompson's motion to vacate will be denied.

## Background

Thompson was indicted by a federal grand jury on October 9, 2003. Count One of the indictment charged Thompson with conspiring to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. Count Two charged her with operating a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. Count Three charged her with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Thompson entered a plea of guilty to Counts Two and Three, pursuant to a written plea agreement, on May 4, 2004. Count One was dismissed at sentencing in accordance with the plea agreement.

Thompson appeared for sentencing on August 23, 2004. The court granted a substantial assistance motion filed by the government, and ultimately sentenced Thompson to a term of

imprisonment of 180 months for the CCE offense, plus 84 months for the firearm offense. On April 7, 2015, the court reduced Thompson's total term of imprisonment to 227 months, pursuant to 18 U.S.C. § 3582(c)(2).

On June 6, 2016, Thompson moved to vacate her sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Thompson and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings and moved to withdraw from further representation. The court granted that motion on July 13, 2016, and directed the government to respond to the pending § 2255 motion.

On August 9, 2016, the government filed a response in which it moved to dismiss Thompson's motion. The court notified Thompson of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave her 21 days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack her sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

2

In this case, Thompson claims that her conviction under 18 U.S.C. § 924(c) is no longer valid in light of the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. It is clear from the record, however, that Johnson is not applicable to Thompson's case. Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during and in relation to a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c). Although § 924(c)'s definition of a "crime of violence" includes a residual clause similar to that found in the ACCA, Thompson's § 924(c) conviction was not based upon the residual clause. Instead, Thompson was convicted of using a firearm during and in relation to a "drug trafficking crime." See Indictment at 7; Plea Agreement at 1; Judgment at 1. Because the definition of a "drug trafficking crime" was not called into question by Johnson, the decision has no effect on the propriety of Thompson's conviction or sentence. Accordingly, Thompson is not entitled to relief under § 2255.* See United States v. Richardson, 653 F. App'x 209, 210 n.* (4th Cir. 2016) ("Because the conviction underlying Richardson's 18 U.S.C. § 924(c) (2012) conviction was a drug offense rather than a crime of violence, . . . Johnson is inapposite, and he is entitled to no relief.").

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Thompson's § 2255 motion. Additionally, because Thompson has failed to make a substantial

---

\* On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in the career offender portion of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Thompson was not sentenced as a career offender, it is unnecessary to await the Supreme Court's decision in Beckles.

3

showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 3rd day of March, 2017.

/s/ Jon Conrad
Chief United States District Judge

4

Case 5:03-cr-30113-GEC-RSB   Document 381   Filed 03/03/17   Page 4 of 4   Pageid#: 1022